OPINION
 

 Per Curiam:
 

 FACTS
 

 This is the State’s appeal from a district court order granting respondent Cameron Catanio’s motion to dismiss three counts of lewdness with a minor based on a determination that the State failed to present sufficient evidence for the required finding of probable cause at the grand jury proceedings.
 
 [1]
 
 The district court concluded that Catanio’s conduct did not satisfy all of the essential elements of lewdness with a minor. We disagree and therefore reverse.
 

 Catanio worked as a teacher’s aide for special education students and as a volunteer assistant track coach at a middle school in Reno,
 
 *1032
 
 Nevada. During the fall of 2002, Catanio befriended three 13-year-old boys at the school and began giving the boys candy on a daily basis. Over time, Catanio’s gifts became more elaborate, personal and inappropriate. His gifts included a video game system and games, air pistols, ammunition, protective gear, pornographic materials, handcuffs and condoms.
 

 In December 2002, after a snowball fight with the three boys, Catanio offered the boys cash, which he never paid, if the boys would masturbate behind some bushes. Two of the boys went behind some bushes and did so while Catanio watched their backs from his parked car. A few days later, Catanio bought a cellular phone for one of the boys; they used the phone for late night conversations in which they discussed sex and masturbation. In two different instances, two of the boys separately snuck out of their houses and met Catanio. On each occasion, Catanio took the minor to his apartment and gave him alcohol, played pornographic videos for him, gave him a condom and invited him to masturbate.
 

 During an interview with the Washoe County School District police, Catanio admitted that he had an erection when he watched the boys masturbate behind the bushes. He also admitted becoming sexually aroused on the two occasions when each boy masturbated in his apartment and that he masturbated himself each time after taking each boy home. At no time did Catanio have any physical contact with any of the boys.
 

 In dismissing the lewdness counts against Catanio, the district court determined that, after accepting the facts established before the grand jury as true, Catanio did not commit a criminal act or acts. The district court concluded that NRS 201.230, which criminalizes lewdness with a child under 14 years, requires proof of physical contact between the accused and the victim.
 

 The State now appeals from the order dismissing the lewdness charges. The question we are asked to resolve is whether the lewdness statute requires the State to prove that physical contact occurred between Catanio and the victims named in the complaint. We conclude that the statute does not require physical contact, and therefore, we reverse the district court’s order and remand for further proceedings.
 

 DISCUSSION
 

 The State argues that a physical touching is not an essential element of lewdness with a minor under NRS 201.230. The State points out that the California lewdness statute, which closely resembles Nevada’s statute,
 
 [2]
 
 has been interpreted to require only that
 
 *1033
 
 the accused act to instigate or encourage a touching. The necessary touching may be by the child upon himself or herself at the perpetrator’s urging.
 

 Statutory interpretation is a question of law subject to de novo review.
 
 [3]
 
 We must attribute the plain meaning to a statute that is not ambiguous.
 
 [4]
 
 An ambiguity arises where the statutory language lends itself to two or more reasonable interpretations.
 
 [5]
 
 Legislative intent is the controlling factor in statutory construction.
 
 [6]
 
 We look to reason and public policy to discern legislative intent.
 
 [7]
 
 Finally, when ambiguous, “[cjriminal statutes must be ‘strictly construed and resolved in favor of the defendant.’ ’ ’
 
 [8]
 

 To determine whether a statute’s language is ambiguous, we must examine it. NRS 201.230(1) defines lewdness with a child under 14 years:
 

 A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, is guilty of lewdness with a child.
 

 We conclude that the language describing a lewd act committed “upon or with the body” of a child under 14 is unambiguous. Because “upon” means “on,” that language requires that the lewd action be done on the body of the minor, that is, some kind of touching or physical contact is required. However, the statute states “upon or with.” By using the disjunctive “or,” the statute clearly indicates that “upon” and “with” have different meanings. An act committed “with” the minor’s body indicates that the minor’s
 
 *1034
 
 body is the object of attention, and that language does not require a physical touching by the accused. Rather, the perpetrator need only cause the child to perform a lewd act upon him or herself to satisfy the elements set forth in the statute. Common sense also dictates this conclusion. When a person invites another person to do an act by saying, “come to the movies
 
 with
 
 me” or “come outside to play
 
 with
 
 me” or “watch T.V.
 
 with
 
 me” or “I’d like to play ball
 
 with
 
 you,” no physical contact is necessarily intimated or required.
 

 Considering our published opinions involving a charge of lewdness with a minor, we acknowledge that all but one involve a physical touching.
 
 [9]
 
 In two cases, the touchings were as minimal as
 
 *1035
 
 pulling the victims’ clothing aside to photograph them.
 
 [10]
 
 In one case, after pulling the victim’s clothing aside and photographing her, the defendant masturbated in front of the victim.
 
 [11]
 
 In
 
 Houtz v. State,
 
 however, the perpetrator did not touch the victim.
 
 [12]
 
 Rather, he provided alcohol and pornographic materials to the victim and ordered the victim to masturbate, and if the victim refused, threatened to tear his penis off. The perpetrator also masturbated. The defendant entered a plea of nolo contendere to one count of lewdness with a minor and was adjudged guilty based upon his plea. The issue in his appeal was not whether a touching had occurred but whether the statute of limitations had expired.
 
 [13]
 
 That the element of a lewd act “upon or with” the body of the victim was satisfied was not challenged. Nevertheless,
 
 Houtz
 
 demonstrates that the district court had determined that coercing a child to masturbate under threat of pain and masturbating in the child’s presence were sufficient to satisfy the elements of lewdness with a minor.
 

 In
 
 Summers v. Sheriff,
 
 the appellant contended that insufficient evidence was shown to bind him over for trial on a charge of lewdness with a minor.
 
 [14]
 
 The preliminary hearing evidence showed that the appellant had lowered the victim’s bathing suit to her knees and photographed her, then masturbated in front of her. The appellant argued that the lack of physical contact between himself and the victim precluded the charge.
 
 [15]
 
 We held that physical contact occurred when the appellant touched the victim by lowering her bathing suit.
 
 [16]
 
 Because it was unnecessary to do so in order to decide that case, we declined to reach the issue of whether actual physical contact was a required element of the crime of lewdness with a minor.
 
 [17]
 

 Our decision in
 
 Summers
 
 is similar to the California case that set the precedent there that the accused merely needs to instigate the touching. In
 
 People v. Austin,
 
 the defendant, threatening the victim with a knife, pushed and guided the victim to an orchard and then told her that, if she pulled down her pants, he would give her some
 
 *1036
 
 money.
 
 [18]
 
 The child complied, and the perpetrator gave her a dollar. The California Fifth District Court of Appeal held that the defendant’s conduct satisfied the essential elements of lewdness with a minor both when he pushed the child toward the orchard and when, at his instigation, the child removed her pants, as she necessarily had to touch herself to do so.
 
 [19]
 

 Similarly, in
 
 People
 
 v.
 
 Meacham,
 
 the California Second District Court of Appeal held that instructing children to touch themselves satisfied the elements of lewdness with a minor so long as the perpetrator had the requisite specific intent.
 
 [20]
 
 The court noted that the evidence showing that the appellant’s instructions to the victims to position their hands upon their own genitalia was “imputable to appellant as if the touching had been actually done by his own hands.’ ’
 
 [21]
 

 We agree with the California courts’ interpretation of what must be proven to establish the elements of the crime of lewdness. We further conclude that the Nevada statutory language providing that a lewd act be done “upon or with” a child’s body clearly requires specific intent by the perpetrator to encourage or compel a lewd act in order to gratify the accused’s sexual desires, but does not require physical contact between the perpetrator and the victim. Thus, a perpetrator who threatens, coerces or otherwise instigates a lewd act but has no physical contact with the victim may nevertheless satisfy the elements of NRS 201.230.
 

 In this case, Catanio had no physical contact with the boys. Catanio offered the boys money to masturbate in his presence and brought two of the boys separately to his apartment where he gave them alcohol, played pornographic videos and invited the boys to masturbate. Therefore, accepting as true the evidence offered to the grand jury, we conclude that the State presented sufficient evidence to establish probable cause to believe that Catanio committed lewdness with a minor.
 

 Accordingly, we conclude that the district court erred by dismissing the charges of lewdness with a minor because Catanio never touched any of the boys. Therefore, we reverse the district court’s order and remand for further proceedings.
 

 [1]
 

 The other counts are not at issue.
 

 [2]
 

 See
 
 Cal. Penal Code § 288(a) (West 1999) (stating that “[a]ny person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the
 
 *1033
 
 body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony”).
 

 [3]
 

 Firestone v. State,
 
 120 Nev. 13, 16, 83 P.3d 279, 281 (2004).
 

 [4]
 

 Id.
 

 [5]
 

 Robert E.
 
 v.
 
 Justice Court, 99
 
 Nev. 443, 445, 664 P.2d 957, 959 (1983).
 

 [6]
 

 Id.
 

 [7]
 

 Id.
 

 [8]
 

 Firestone,
 
 120 Nev. at 16, 83 P.3d at 281 (quoting
 
 Anderson
 
 v.
 
 State,
 
 95 Nev. 625, 629, 600 P.2d 241, 243 (1979));
 
 see also Villanueva v. State,
 
 117 Nev. 664, 670 n.13, 27 P.3d 443, 447 n.13 (2001) (noting that “the rule of lenity does not apply where statutory language is unequivocal and (here is no ambiguity to resolve”).
 

 [9]
 

 See, e.g., Crowley
 
 v.
 
 State,
 
 120 Nev. 30, 31-32, 83 P.3d 282, 284 (2004) (defendant rubbed male victim’s penis outside of clothing and performed fellatio on victim, and fondled female victim’s breasts and vagina);
 
 Ramirez v. State,
 
 114 Nev. 550, 553, 958 P.2d 724, 726 (1998) (defendant touched victim on her genitals);
 
 Scott E., a Minor v. State,
 
 113 Nev. 234, 236, 931 P.2d 1370, 1371 (1997) (defendant allegedly touched victim’s vaginal area and had victim touch his exposed penis);
 
 Griego v. State,
 
 111 Nev. 444, 448, 893 P.2d 995, 998 (1995) (defendant fondled child victim),
 
 abrogated on other grounds by Koerschner v. State,
 
 116 Nev. 1111, 1116, 13 P.3d 451, 455 (2000);
 
 Carroll v. State,
 
 111 Nev. 371, 372, 892 P.2d 586, 587 (1995) (defendant fondled victim’s legs, thighs and vaginal area);
 
 State
 
 v.
 
 Purcell,
 
 110 Nev. 1389, 1391, 887 P.2d 276, 277 (1994) (defendant allegedly fondled victim’s breasts and buttocks);
 
 Taylor v. State,
 
 109 Nev. 849, 850, 858 P.2d 843, 844 (1993) (defendant touched victim between her legs as she sat on his lap);
 
 Keeney v. State,
 
 109 Nev. 220, 223, 850 P.2d 311, 313 (1993) (defendant touched victim’s “ ‘private spot’ ” with his tongue),
 
 overruled on other grounds by Koerschner,
 
 116 Nev. at 1116, 13 P.3d at 455;
 
 Sterling v. State,
 
 108 Nev. 391, 393, 834 P.2d 400, 401 (1992) (defendant engaged in sexual acts with victim);
 
 Walstrom v. State,
 
 104 Nev. 51, 52, 752 P.2d 225, 226 (1988) (slides revealed defendant engaged in lewd acts with child),
 
 overruled in part on other grounds by Hubbard
 
 v.
 
 State,
 
 112 Nev. 946, 948, 920 P.2d 991, 993 (1996);
 
 Passama v. State,
 
 103 Nev. 212, 216, 735 P.2d 321, 324 (1987) (defendant confessed through coercion to touching victims’ vaginas);
 
 Sheriff
 
 v.
 
 Frank,
 
 103 Nev. 160, 162, 734 P.2d 1241, 1242 (1987) (defendant allegedly touched victim’s chest and genitals);
 
 Meador v. State,
 
 101 Nev. 765, 767, 711 P.2d 852, 853-54 (1985) (defendant pulled girls’ nightshirts up to photograph them);
 
 Sheriff v. Miley, 99
 
 Nev. 377, 379-80, 663 P.2d 343, 344 (1983) (defendant attacked and possibly sexually penetrated victim);
 
 Meyer v. State,
 
 95 Nev. 885, 886, 603 P.2d 1066, 1066 (1979) (defendant allegedly forced child to perform fellatio),
 
 overruled by Little v. Warden,
 
 117 Nev. 845, 851, 34 P.3d 540, 544 (2001);
 
 Maes
 
 v.
 
 Sheriff,
 
 94 Nev. 715, 716, 582 P.2d 793, 794 (1978) (defendant forced victim to fondle defendant’s genitals and licked victim’s penis and groin);
 
 Findley v. State,
 
 94 Nev. 212, 214, 577 P.2d 867, 867 (1978) (defendant placed hand on victim’s genitals),
 
 overruled by Braunstein
 
 v.
 
 State,
 
 118 Nev. 68, 75, 40 P.3d 413, 418 (2002);
 
 Green
 
 v.
 
 State,
 
 94 Nev. 176, 177-78, 576 P.2d 1123, 1124 (1978) (defendant rolled victim’s shirt up);
 
 Summers v. Sheriff,
 
 90 Nev. 180, 181, 521 P.2d 1228, 1228 (1974) (defendant allegedly pulled victim’s bottoms down, photographed her and masturbated in front of her);
 
 Sheriff v. Dealing,
 
 89 Nev. 255, 255, 510 P.2d 874, 874 (1973) (defendant allegedly performed cunnilingus on victim);
 
 Martin v. Sheriff,
 
 88 Nev. 303, 305, 496 P.2d 754, 755 (1972) (defendant allegedly inserted penis into victim);
 
 Farrell v. State,
 
 83 Nev. 1, 2, 421 P.2d 948, 948 (1967) (defendant allegedly touched victim inside her panties).
 

 [10]
 

 Meador,
 
 101 Nev. at 767, 711 P.2d at 853-54;
 
 Summers,
 
 90 Nev. at 181, 521 P.2d at 1228.
 

 [11]
 

 Summers,
 
 90 Nev. at 181, 521 P.2d at 1228.
 

 [12]
 

 111 Nev. 457, 893 P.2d 355 (1995);
 
 see also Townsend
 
 v.
 
 State,
 
 103 Nev. 113, 120, 734 P.2d 705, 710 (1987) (one count of lewdness with a minor was based on defendant masturbating in front of victim and second count was based on defendant fondling victim).
 

 [13]
 

 Houtz,
 
 111 Nev. at 461, 893 P.2d at 357.
 

 [14]
 

 90 Nev. at 182, 521 P.2d at 1229.
 

 [15]
 

 Id.
 

 [16]
 

 Id
 

 [17]
 

 Id.
 

 [18]
 

 168 Cal. Rptr. 401, 402 (Ct. App. 1980).
 

 [19]
 

 Id.
 
 at 403.
 

 [20]
 

 199 Cal. Rptr. 586, 593 (Ct. App. 1984),
 
 abrogated on other grounds by People v. Brown,
 
 883 P.2d 949, 959 (Cal. 1994).
 

 [21]
 

 Id.
 
 at 594.