An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMUEL LEROY WAGSTAFF,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61341



FILED

JUN 03 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of lewdness with a child under fourteen years old. First Judicial District Court, Carson City; James Todd Russell, Judge. Appellant Samuel Leroy Wagstaff raises ten claims of error.

First, Wagstaff contends that there was insufficient evidence to support his conviction because his acts did not involve open and gross lewdness. This claim lacks merit because lewdness with a child does not require the State to prove open or gross lewdness. *See* NRS 201.230. When the evidence is viewed in the light most favorable to the prosecution, we conclude that a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, Wagstaff contends that the State committed prosecutorial misconduct by arguing that he had a motive to lie because he was on trial for lewdness with a child and would want to avoid punishment and shame in the community. Specifically, Wagstaff argues that the Fifth, Sixth, and Fourteenth Amendments to the federal constitution prohibit the State from drawing an adverse conclusion as to

13-16211

his truthfulness based on the charges against him because he has a constitutional right to testify and is guaranteed the presumption of innocence. Wagstaff failed to object to these questions and comments, and we review for plain error. NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). "In conducting plain error review, we must examine whether there was 'error,' whether the error was 'plain' or clear, and whether the error affected the defendant's substantial rights." *Green*, 119 Nev. at 545, 80 P.3d at 95. Wagstaff has not cited to any relevant case law prohibiting the questions and comments made by the State, and our review of the record reveals that the jury was instructed that the defendant is presumed innocent until the contrary is proven. Accordingly, Wagstaff has failed to establish plain error. *See id.* (explaining that "the burden is on the defendant").

Third, Wagstaff contends that the State committed prosecutorial misconduct by mischaracterizing the evidence and inappropriately inserting its personal opinion during closing arguments. Only one of the comments was objected to by Wagstaff, and the jury was admonished to disregard the State's use of the word "we." We conclude that this error was harmless. *See Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) (explaining that this court generally presumes that a jury follows the district court's instructions). As to the State's other comments, we conclude that they referred to the testimony of witnesses or were permissible inferences based on the evidence presented. Accordingly, the State did not commit prosecutorial misconduct in this regard.

Fourth, Wagstaff contends that the district court was required to instruct the jury, sua sponte, on the lesser-included offense of misdemeanor battery. Misdemeanor battery is not a lesser-included

offense of lewdness with a child because all of the elements of misdemeanor battery are not included in the greater offense. *See Rosas v. State*, 122 Nev. 1258, 1263, 147 P.3d 1101, 1105 (2006); *see also* NRS 201.230(1); NRS 200.481(1)(a); *State v. Catanio*, 120 Nev. 1030, 1036, 102 P.3d 588, 592 (2004) (explaining that lewdness with a child does not require force or violence). Therefore, this contention lacks merit.

Fifth, Wagstaff contends that the district court erred by excluding a medical record. We disagree. NRS 52.015(1) requires documents to be authenticated before they are admitted into evidence. Wagstaff failed to authenticate the document, and we conclude that the district court did not err by excluding it.

Sixth, Wagstaff contends that the district court erred by admitting prior uncharged acts of sexual misconduct to establish motive because his motive was not at issue and there was not clear and convincing evidence to support the admission of these acts. We disagree. The district court held the appropriate hearing and heard sufficient testimony from witnesses supporting the occurrence of these acts before making the appropriate findings as to each of the *Tinch* factors. *See Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249-50 (2012) (modifying *Tinch* and explaining that the three-factor test for admissibility includes a relevance requirement); *see also* NRS 48.015 (defining relevant evidence). Furthermore, this court has explicitly found that prior uncharged acts of sexual misconduct are admissible under NRS 48.045(2) to prove motive so long as the three-factor test for admissibility is satisfied. *Ledbetter v. State*, 122 Nev. 252, 262, 129 P.3d 671, 678 (2006). Accordingly, we cannot conclude that the district court manifestly

abused its discretion by admitting this evidence. *See Bigpond*, 128 Nev. at ___, 270 P.3d at 1250.

Seventh, Wagstaff contends that the State committed prosecutorial misconduct by repeatedly asking him on cross-examination whether the witnesses against him were liars. Wagstaff failed to object to these comments and we review for plain error. NRS 178.602; *Green*, 119 Nev. at 545, 80 P.3d at 95. In Nevada, prosecutors are prohibited from "asking a defendant whether other witnesses have lied or from goading a defendant to accuse other witnesses of lying, except where the defendant during direct examination has directly challenged the truthfulness of those witnesses." *Daniel v. State*, 119 Nev. 498, 519, 78 P.3d 890, 904 (2003). Here, the prosecutor directly asked the defendant at least seven times whether three of the four witnesses against him were liars. Wagstaff did not directly challenge the truthfulness of these witnesses during direct examination. We conclude that prosecutorial misconduct is clear from the record. *See id.* However, Wagstaff has not shown that this error, standing alone, "(1) had a prejudicial impact on the verdict when viewed in context of the trial as a whole, or (2) seriously affects the integrity or public reputation of the judicial proceedings." *Libby v. State*, 109 Nev. 905, 911, 859 P.2d 1050, 1054 (1993), *vacated on other grounds*, 516 U.S. 1037 (1996). Accordingly, we conclude that Wagstaff has not established plain error.

Eighth, Wagstaff contends that the district court erred by instructing the jury that they could consider uncharged acts of sexual touching for the "purpose of showing the defendant's motive; opportunity; intent; preparation; plan; knowledge; identity; or absence of mistake or accident." Wagstaff argues that the district court erred by instructing the

jury that they could consider the uncharged acts for all of these purposes because the district court only determined that this evidence was relevant to prove motive. Wagstaff failed to object to this instruction, and we review for plain error. NRS 178.602; *Green*, 119 Nev. at 545, 80 P.3d at 95.

This court recently reaffirmed the requirements for the State to overcome the presumption of inadmissibility that attaches to all prior bad acts evidence. *See Bigpond*, 128 Nev. at ___, 270 P.3d at 1249. As we explained, "bad acts are often irrelevant" and the district court must hold a hearing and determine whether the acts are relevant for a nonpropensity purpose. *Id.* (internal quotation marks omitted). This inquiry includes uncharged acts of sexual misconduct, which may only be relevant for certain purposes. *See Ledbetter*, 122 Nev. at 260-61, 129 P.3d at 677-78 (explaining that uncharged acts of sexual misconduct were relevant to prove motive but irrelevant to prove common scheme or plan, identity, intent or absence of mistake or accident); *Braunstein v. State*, 118 Nev. 68, 73, 75, 40 P.3d 413, 417-18 (2002) (explaining that uncharged acts of sexual misconduct were relevant to prove a common scheme or plan but irrelevant to prove the accused's intent).

Here, the district court held the appropriate hearing and determined that the uncharged bad acts were relevant to prove motive. It did not decide whether these acts were relevant for any other purpose, including those listed in NRS 48.045(2). Therefore, the presumption of inadmissibility was only overcome with respect to the permissible purpose of motive, and we conclude that the district court erred by failing to limit the jury instruction to this purpose alone. Although we conclude that the district court erred by issuing this instruction, Wagstaff has not met his

burden of establishing that this error, standing alone, affected his substantial rights. *Green*, 119 Nev. at 545, 80 P.3d at 95. Accordingly, we conclude that Wagstaff has not established plain error.

Ninth, Wagstaff contends that the district court erred by giving the jury a general intent instruction. Wagstaff failed to object to this instruction, and we review for plain error. NRS 178.602; *Green*, 119 Nev. at 545, 80 P.3d at 95. The jury was instructed that:

> The word "willfully," when applied to intent with which an act is done or omitted, as used in the instruction, implies simply a purpose or willingness to commit the act or to make the omission in question. The word does not require in its meaning any intent to violate the law, or to injure another, or to acquire any advantage.

This is a general intent instruction. *See Childers v. State*, 100 Nev. 280, 282-83, 680 P.2d 598, 599 (1984). The crime of lewdness with a child is a specific intent crime. *See Catanio*, 120 Nev. at 1036, 102 P.3d at 592. It is error to instruct the jury on general intent in a case where the crime charged requires specific intent. *People v. Hill*, 429 P.2d 586, 595 (Cal. 1967); *People v. Geibel*, 208 P.2d 743, 761 (Cal. Ct. App. 1949). This is because such an instruction "tends to create confusion." *People v. Booth*, 243 P.2d 872, 873-74 (Cal. Ct. App. 1952); *accord Geibel*, 208 P.2d at 761 (explaining that such an instruction "normally would serve only to confuse or mislead the jurors and make it impossible to determine whether, in their deliberations, they followed the law as correctly or incorrectly given to them").

Because the district court clearly erred, we must determine whether this error affected Wagstaff's substantial rights. *Green*, 119 Nev. at 545, 80 P.3d at 95; *see also Hill*, 429 P.2d at 595 (examining

instructions to determine whether the general intent "is clearly qualified by a specific intent instruction which leaves no doubt in the jury's mind that specific intent is not to be automatically inferred from the doing of the physical acts involved in the crime"); *Booth*, 243 P.2d at 874 (concluding that there was no prejudicial error where the nature of the lewd act "was such as to preclude the belief they were committed without criminal intent"). Here, the jury was also instructed that the State must prove beyond a reasonable doubt that Wagstaff had "the intent of arousing, or appealing to, or gratifying the lust or passions or sexual desires of the defendant or of that child." In addition, defense counsel argued to the jury that the State must prove specific intent and, on rebuttal, the State emphasized the specific intent required by the statute. Therefore, we cannot say that this error, standing alone, "had a prejudicial impact on the verdict when viewed in context of the trial as a whole." *Libby*, 109 Nev. at 911, 859 P.2d at 1054. Accordingly, we conclude that Wagstaff has not established plain error. *See Green*, 119 Nev. at 545, 80 P.3d at 95.

Tenth, Wagstaff contends that there was cumulative error. "When evaluating a claim of cumulative error, we consider the following factors: (1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008) (internal quotation marks omitted). We conclude that the issue of innocence or guilt was close enough that, although the evidence was sufficient to support the jury's verdict, it was not overwhelming, and therefore cannot overcome the prejudice caused by the accumulated errors.

The six-year-old victim testified that she was watching the 2008 Nevada Day parade in Carson City and sitting on the left leg of her

grandfather, Wagstaff, with a blanket covering both of them, when she felt Wagstaff rubbing her "parts." The victim's 23-year-old cousin testified that she was sitting next to Wagstaff in a low beach chair and she was able to look through the blanket and see his left hand rotating in a circular motion on the victim's vagina. Wagstaff testified that he did not rub the victim's vagina but he often rubbed his arthritic knee to help alleviate pain. Wagstaff testified that he believed the cousin, who had been a victim of sexual assault at age 14, misinterpreted what she saw and influenced the victim's testimony during the two years that elapsed between the parade and the involvement of law enforcement. Wagstaff also testified that his daughter and grandchildren never mentioned the allegations until two years after the parade and he continued to watch the victim and pick her up from school during that time.

Three witnesses testified that the victim told them that her grandfather rubbed her vagina during the parade. Although they differed as to the number of occasions, these witnesses also testified that the victim told them that Wagstaff had rubbed her vagina on at least one previous occasion while she sat on his lap at his home. Two witnesses testified that the victim told them that Wagstaff also tried to pull her hand toward his penis. Although the victim did not testify to this incident during trial or at the pretrial hearing, the district court permitted the witnesses to testify to the victim's statement pursuant to NRS 51.385. During closing arguments the State explicitly instructed the jury that they could consider these prior incidents to prove that Wagstaff had the intent to arouse, appeal to, or gratify the lust or passions or sexual desires of himself, to prove that the sexual touching was not the result of an accident or mistake, and to establish Wagstaff's motive to engage in such touching.

As for the second factor of our cumulative error analysis, we conclude that the quantity and character of the errors were substantial. The State capitalized on its prosecutorial misconduct by arguing to the jury that the victim had essentially been called a liar and will have to worry about being punished for being called a liar because Wagstaff had been a disciplinarian in the household. In addition, the district court issued an erroneous instruction on general intent in a case where Wagstaff's intent was a central issue, risking confusion of the jury during its deliberations. Finally, the State referenced the erroneous jury instruction and emphasized to the jury that the prior acts of sexual misconduct were admissible to prove intent and absence of mistake or accident, knowing that the district court did not admit them for this purpose.

The effect of this last error may have been particularly prejudicial. In order to be relevant, and thus admissible under this court's prior bad acts jurisprudence, the testimony about the prior bad acts must make it more probable that Wagstaff had criminal intent and did not act by accident or mistake during the parade. *See Bigpond,* 128 Nev. at ___, 270 P.3d at 1250 (evaluating prior bad act to determine whether it is relevant to the stated nonpropensity purpose); *see also* NRS 48.015 (defining relevant evidence). While the prior rubbing at Wagstaff's home would make it more probable that the parade rubbing was not accidental, the other incident involving Wagstaff trying to pull the victim's hand does not make it more probable that Wagstaff did not accidentally touch the victim's vagina during the parade. Furthermore, we have previously held that evidence that an accused possesses a propensity for sexual aberration is not relevant to the accused's intent. *Braunstein,* 118 Nev. at 73, 40 P.3d

at 417. Assuming Wagstaff's prior act of pulling the victim's hand toward his penis shows his intent to arouse his sexual desire, this prior act would not make it more probable that he had the same intent on the day of the parade because there was no evidence presented that Wagstaff tried to pull the victim's hand toward his penis during the parade. Thus, it appears that the State was referring to Wagstaff's propensity for sexual aberration when it argued to the jury that it could consider the testimony about this prior incident to show that Wagstaff had the required sexual intent on the day of the parade. This is an improper basis for admitting this evidence and may have affected the outcome of the proceedings. *See id.*

As for the third cumulative error factor, we conclude that the crime charged is very grave. But the evidence was not overwhelming and "[w]e cannot say without reservation that the verdict would have been the same in the absence of error." *Big Pond v. State,* 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985).

Having considered all three factors, we conclude that the cumulative effect of the errors denied Wagstaff a fair trial and requires reversal of his conviction, and we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Cherry

PARRAGUIRRE, J., dissenting:

I would affirm the judgment of conviction because I disagree with the majority's conclusion that Wagstaff has met his burden of showing that the cumulative effect of the nonconstitutional errors resulted in actual prejudice or a miscarriage of justice. *See Green*, 119 Nev. at 545, 80 P.3d at 95. The victim testified that Wagstaff rubbed her vagina during the parade. The victim's 23-year-old cousin testified that she personally observed Wagstaff rubbing the victim's vagina. The victim's mother testified that the victim told her about the incident on the day of the parade shortly after it occurred. Based on this strong evidence, I am not convinced that the errors affected Wagstaff's substantial rights, even when they are considered cumulatively. *See Gaxiola v. State*, 121 Nev. 638, 649, 119 P.3d 1225, 1233 (2005) (explaining that the victim's testimony alone is sufficient to uphold a conviction for lewdness with a child). I respectfully dissent.

_____, J.
Parraguirre

cc: Hon. James Todd Russell, District Judge
Richard F. Cornell
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk