# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ANTHONY GONZALEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67148

**FILED**

MAY 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, first-degree kidnapping, and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant David Gonzalez first argues that the district court abused its discretion in denying his motion to sever his trial from that of his codefendants. He argues that he suffered prejudice because he was precluded from eliciting testimony from his codefendants that there was no gun present. The district court should grant a motion for severance when there is a serious risk that a joint trial would impair one of the defendants' specific trial rights or prevent the jury from reliably determining guilt or innocence. *Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002). We will not reverse "unless the appellant carries the heavy burden of showing that the trial judge abused his discretion." *Chartier v. State*, 124 Nev. 760, 764, 191 P.3d 1182, 1185 (2008) (internal quotation marks omitted). The joinder did not impair Gonzalez's limited

16-14925

ability to elicit his codefendants' testimony regarding the presence of the gun, as his codefendants retained their Fifth Amendment rights against self-incrimination. *See Marshall*, 118 Nev. at 647, 56 P.3d at 379. Gonzalez's argument that codefendant Alejandra Trujillo would not have invoked her Fifth Amendment right if her trial were before his when she was ultimately acquitted in their joint trial relies on an attenuated chain of speculation and does not show a specific trial right that was actually impaired. *See id.* Gonzalez's argument that the police statements in which his codefendants stated that there was no gun would have been admissible under NRS 51.315 if his codefendants declined to testify in a severed trial lacks merit because the police statements in which each codefendant sought to minimize his or her role in the crimes were not made under circumstances offering "strong assurances of accuracy." *See* NRS 51.315(1); *Miranda v. State*, 101 Nev. 562, 565-66, 707 P.2d 1121, 1123 (1985).

Further, Trujillo's counsel's references to Trujillo's lack of a criminal history did not necessarily imply that Gonzalez had a criminal history when his counsel did not pursue the same inquiry because counsel may ask or not ask any question for any number of strategic reasons, and Gonzalez has failed to indicate a specific trial right that was impaired in this regard. His argument that joinder precluded him from testifying on his own behalf because the district court said that it would open the door to impeachment by inconsistencies with his statement and that of the codefendants is belied by the record, as the district court made clear that discussion of each codefendant's police statement would be limited to that individual's statements about his or her own involvement. And his argument that his codefendant's mere-presence argument precluded his

raising "every possible defense" likewise fails to identify a specific trial right that was impaired by the joinder. We conclude that the district court did not abuse its discretion in denying Gonzalez's motion to sever.

Second, Gonzalez argues that the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The victim testified that he met Gonzalez at a supermarket and agreed to sell him several gift cards. They left the supermarket, went to Gonzalez's car, and were approached by codefendant Sean Larson, to whom the victim voluntarily handed the gift cards so that Larson could check their value. The victim entered the backseat of the car, next to Trujillo. Gonzalez immediately began to drive, and the victim observed a handgun in Gonzalez's lap. The victim did not consent to being driven to another location. The door was locked when the victim tried to exit the car. Trujillo told the victim to remain calm and that they would not hurt him. Gonzalez drove to a secluded residential area. Larson told the victim, "You know what the fuck this is," and ordered the victim to get out of the car. When the victim refused, Larson opened the victim's car door, pulled the victim out by his shirt collar, and punched him in the face. Gonzalez stood next to Larson, brandishing the handgun. Larson, who still retained the gift cards, took the victim's cell phone and wallet from his pockets and threw the victim's personal property onto the backseat, where Trujillo gathered it. Larson and Gonzalez reentered the car and drove away.

The jury could reasonably infer from the evidence presented that Gonzalez conspired to commit robbery by agreeing with his codefendants to commit robbery and acting to implement a robbery. *See* NRS 199.480(1)(a); NRS 200.380(1). The jury could also reasonably infer that Gonzalez committed robbery with a deadly weapon by participating, either directly or by aiding or abetting, in unlawfully taking personal property from the victim by force through punching the victim in the face and by fear through brandishing the handgun while the victim's property was being taken from him. *See* NRS 193.165(1); NRS 195.020; NRS 200.380(1). And the jury could reasonably infer that Gonzalez kidnapped the victim by carrying him away without his consent for the purpose of committing robbery. *See* NRS 200.310(1). It is for the jury to determine the weight and credibility to give witness testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Third, Gonzalez argues that the district court erred in failing to give a jury instruction pursuant to *Mendoza v. State*, 122 Nev. 267, 130 P.3d 176 (2006). To sustain convictions for both kidnapping and robbery arising from the same course of conduct, the victim's movement must have had independent significance from the robbery, created a risk of danger substantially exceeding that present in the robbery, or involved movement or restraint substantially in excess of that required to complete the robbery. *See Mendoza*, 122 Nev. at 275, 130 P.3d at 181. The district court must accurately instruct the jury of the essential elements of the offense charged, and we review unpreserved claims of instructional error for plain error. *Rossana v. State*, 113 Nev. 375, 382, 934 P.2d 1045, 1049

(1997). Though the district court erred when it did not instruct the jury in any way on the requirements for a dual conviction of kidnapping and robbery, *see Pascua v. State*, 122 Nev. 1001, 1005 & n.7, 145 P.3d 1031, 1033 & n.7 (2006) (concluding that dual convictions were proper where jury was instructed on incidental movement), this error did not prejudice Gonzalez's substantial rights. The record shows that the movement involved created a greater danger and involved substantially more movement than that present in the robbery itself when, after Gonzalez's codefendant already possessed the victim's gift cards, Gonzalez drove the victim away from the parking lot without the victim's consent, locked the car doors and prevented the victim's escape, displayed a handgun in his lap while driving, and transported the victim to a residential cul-de-sac unknown to the victim where Gonzalez and his codefendants completed the robbery. We conclude that Gonzalez has not shown plain error affecting his substantial rights.[1]

Fourth, Gonzalez argues that the district court improperly limited his cross-examination of the victim. Specific instances of a witness's conduct may be inquired into on cross-examination as relevant to truthfulness, but may not be proved by extrinsic evidence. NRS 50.085(3); *Collman v. State*, 116 Nev. 687, 703, 7 P.3d 426, 436 (2000). The district court sustained the State's objection that testimony regarding the victim's employment was collateral to whether the defendants kidnapped and robbed him. While Gonzalez correctly notes that he did not use extrinsic

---

[1]Regarding his proposed jury instructions, as Gonzalez has failed to support his contention that the district court erred in denying his proposed jury instructions with cogent argument, we need not address this contention. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

evidence in attempting to discredit the victim, we conclude that the probative value of this testimony was minimal and outweighed by the risk of confusing the issues and misleading the jury. *See* NRS 48.035(1). Accordingly, we conclude that the district court reached the right result in limiting Gonzalez's cross-examination of the victim and that relief is not warranted. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Fifth, Gonzalez argues that his sentence for kidnapping improperly provides for parole eligibility after 6 years have been served. We review issues of statutory interpretation de novo. *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). When a statute is not ambiguous, we give that statute its plain meaning. *Id.* A defendant convicted of first-degree kidnapping may receive a sentence of "a definite term of 15 years, with eligibility for parole beginning when a minimum of 5 years has been served." NRS 200.320(2)(b). We agree that the district court's sentence is facially illegal, reverse the Gonzalez's sentence for first-degree kidnapping, and remand to the district court to resentence Gonzalez accordingly.

Sixth, Gonzalez argues that cumulative error warrants reversal. Notwithstanding the sentencing error for which relief is warranted in itself, Gonzalez has identified a single trial error—the district court's failure to provide a *Mendoza* instruction, which did not affect his substantial rights. "One error is not cumulative error." *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

Having considered Gonzalez's arguments and concluded that his kidnapping-sentence challenge has merit and his other contentions lack merit, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. David B. Barker, District Judge
   Law Offices of Martin Hart, LLC
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A