# IN THE SUPREME COURT OF THE STATE OF NEVADA

GLORIA EUN HYE LEE, A/K/A
GLORIA EUNHYE LEE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72653

FILED

APR 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant Gloria Eun Hye Lee contends that the district court erred in denying claims that counsel was ineffective.[1] She asserts that, had counsel more effectively challenged the charges pretrial, she would not have pleaded guilty and would have insisted upon going to trial. She also argues that counsel was ineffective at sentencing.

To establish ineffective assistance of counsel, a petitioner must demonstrate counsel's performance was deficient because it fell below an objective standard of reasonableness, and resulting prejudice in that there is a reasonable probability, but for counsel's errors, the petitioner would not

---

[1] To the extent Lee raises arguments for the first time in her reply brief, those arguments are improper and we decline to consider them. *See* NRAP 28(e)(2) (providing that reply briefs "must be limited to answering any new matter set forth in the opposing brief"); *Elvik v. State*, 114 Nev. 883, 888, 965 P.2d 281, 284 (1998) (explaining that arguments made for the first time in a reply brief prevent the respondent from responding to appellant's contentions with specificity).

18-13685

have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996). The petitioner must demonstrate both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Lee argues that trial counsel was ineffective for failing to successfully dismiss the charge of first-degree arson or challenge the statute at sentencing because the business she was accused of setting ablaze, a pet store, was unoccupied and not a dwelling. Lee failed to demonstrate deficient performance because the pet store was an "other structure" within the plain language of NRS 205.010(1) and, under the same provision, whether that structure was occupied is irrelevant. *See State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004) (recognizing that this court "must attribute the plain meaning to a statute that is not ambiguous"). Therefore, the district court did not err in denying this claim.

Second, Lee argues that trial counsel was ineffective for failing to challenge the charges of first-degree arson, arson with intent to defraud, and insurance fraud as violations of double jeopardy. We disagree. Separate charges for these offences do not offend double jeopardy. *See Jackson v. State*, 128 Nev. 598, 607, 291 P.3d 1274, 1280 (2012) (holding that offenses constitute same offense if elements of one are entirely contained in elements of the other). First-degree arson and burning with intent to defraud an insurer are not the same offense. First-degree arson requires the willful and malicious setting of a fire to a structure. NRS

205.010(1). Setting a fire with intent to defraud an insurer requires the willful setting of a fire with the intent to defraud the insurer. NRS 205.030. We need not address whether insurance fraud contains the same elements as these offenses because the arson offenses were completed upon the setting of the fires and insurance fraud was alleged to have occurred afterward. *Bedard v. State*, 118 Nev. 410, 413, 48 P.3d 46, 48 (2002) (recognizing that offenses are "not multiplicitous when they occur at different times and different places" (internal quotation marks omitted)). Moreover, Lee has not demonstrated prejudice considering the significant benefits she received in pleading guilty. The State dropped charges of conspiracy to commit burglary, burglary, conspiracy to commit arson, 26 counts of attempted cruelty to animals, one count of arson with intent to defraud insurer, and attempted theft. Therefore, the district court did not err in denying these claims.[2]

Third, Lee contends that counsel should have argued that there is no felony crime of attempted cruelty to an animal as the statute only operates where actual harm has come to an animal and she did not intend to commit animal cruelty as her alleged actions only incidentally endangered the dogs. We conclude that Lee failed to demonstrate deficient performance. She has cited no authority suggesting that starting a fire in a building could not amount to willfully and maliciously attempting to kill the dogs kept therein in violation of NRS 574.100(1)(a)(2), (6)(a) and NRS 193.330(1)(a)(5). In addition, a motion to dismiss asserting she did not have

---

[2]To the extent that Lee argues that she did not plead guilty to first-degree arson and insurance fraud and instead pleaded guilty to burning property with the intent to defraud insurer, that contention is belied by the guilty plea agreement and transcript of the plea colloquy.

the intent to kill the dogs when she started the fire would have been futile. *See Sheriff, Clark County v. Burcham*, 124 Nev. 1247, 1257, 198 P.3d 326, 332-33 (2008) (recognizing that evidence supporting indictment need only establish probable cause and need not negate all inferences that explain the accused's conduct); *see also Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (recognizing that counsel is not ineffective for failing to file a futile motion). Therefore, the district court did not err in denying this claim.

Fourth, Lee argues that the district court erred in denying her claim that trial counsel failed to investigate mitigating circumstances before her guilty plea and sentencing. She asserts that counsel should have introduced evidence concerning Lee's medical and mental health history, specifically, her drug addiction. We conclude that this argument lacks merit. Counsel introduced Lee's medical and mental health history through a sentencing memorandum and letters from Lee, her family, friends, and associates. These documents referenced Lee's miscarriages, high-risk pregnancy, migraines, abuse of pain medications, depression and attendant medication, and history of counseling. Notably, Lee's letter to the court did not reference drug addiction and counsel could not recall Lee ever informing them of serious drug addiction. Given this evidence, the district court's conclusion that counsel was not deficient for not unearthing additional comparable evidence and that such evidence would not have affected the outcome of the sentencing is supported by substantial evidence. As this proposed evidence was unlikely to have affected the outcome of sentencing, Lee failed to demonstrate that it was so compelling as to have demonstrated a legal excuse for the crimes such that she would have forgone the significant benefits of the guilty plea agreement and insisted upon going to trial. *See Finger v. State*, 117 Nev. 548, 576, 27 P.3d 66, 84-85 (2001)

Supreme Court
of
Nevada

(O) 1947A

4

(requiring that evidence of mental defect must show that defendant could not understand the nature of act or appreciate its wrongfulness). Therefore, the district court did not err in denying this claim.

Fifth, Lee argues that the district court erred in denying her claim that the cumulative effect of the ineffectiveness of counsel, prosecutorial misconduct, and trial court error deprived her of due process. Lee has cited no authority that requires this court to consider the cumulative effect of defaulted claims with properly raised claims of ineffective assistance of counsel. As we have found no error related to trial counsel, there is nothing to cumulate.

Having concluded that Lee is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

cc:    Hon. William D. Kephart, District Judge
       Dayvid J. Figler
       Goodman Law Group
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk