**136 Nev., Advance Opinion 71**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MAURICE TERRANCE MOORE, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 79817 **FILED** OCT 29 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of lewdness with a child under the age of 16. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

*Affirmed.*

The Draskovich Law Group and Robert M. Draskovich, Jr., Las Vegas, for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Alexander G. Chen, Chief Deputy District Attorney, and William Jake Merback and Jonathan VanBoskerck, Deputy District Attorneys, Clark County, for Respondent.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, GIBBONS, J.:

Appellant Maurice Moore was convicted of two counts of lewdness with a child under the age of 16 per NRS 201.230(1)(a). He argues that he had a reasonable, good-faith belief that the victim was 18 years old and the district court erred in preventing him from asserting a mistake-of-fact defense as to the victim's age. We conclude that a mistaken belief as to the victim's age is not a defense to the crime of lewdness with a child under the age of 16. We therefore affirm Moore's conviction.

*FACTS AND PROCEDURAL HISTORY*

Moore met A.M. on the dating application Tinder. Tinder requires users to be 18 years or older, so A.M., who was 14 years old at the time, falsely claimed she was 18 years old on her profile. Moore, who was 41 years old at the time, falsely claimed he was 23 years old on his profile. While chatting on Tinder, Moore told A.M. she was "pretty" and had "a nice body." A.M. told Moore "[m]aybe we can have sex in your car." Moore responded in kind, stating he would love to "kiss" and "make love" to her.

Shortly thereafter, A.M. and Moore decided to meet. A.M. informed Moore that her parents were very strict, so she would have to sneak out of the house when they were asleep. Moore picked A.M. up just after midnight. When he arrived at her house, he messaged her "[d]on't get caught" and that he was in a blue sports car waiting for her. After the two talked for a bit, Moore groped her breasts. A.M. then performed oral sex on Moore. The two also engaged in vaginal and anal sex. During anal sex, Moore slapped A.M.'s buttocks.

After the sexual encounter, A.M. returned to her house and argued with her mother, who had called the police to report A.M. missing. Before the police arrived, A.M.'s mother took A.M.'s phone and, pretending to be A.M., asked Moore to come back to the house. Moore returned, and the police confronted him. A.M. informed the police that she had sex with Moore in his car but said it was not consensual. When the police arrested Moore, he told the officers that he believed A.M. was 18 years old.

The State charged Moore with five counts of sexual assault with a minor under the age of 16 and two counts of lewdness with a child under the age of 16. At trial, Moore did not deny that a sexual encounter occurred, but he argued it was consensual.

When discussing jury instructions regarding the lewdness charges, Moore argued that he should be able to use a good-faith-mistake-

of-fact defense as to A.M.'s age. Specifically, he argued that whether he knew or should have known that the victim was under the age of 16 was an element of the crime. The district court noted that "Nevada doesn't have anything on that," but that California's lewdness statute, which is essentially the same as Nevada's, precludes a good-faith-mistake-of-fact defense as to the victim's age. The district court declined to provide the jury with a mistake-of-fact instruction or any other instruction that indicated the State must prove Moore knew, or should have known, that A.M. was under the age of 16. The district court permitted Moore to argue in closing arguments that he did not know the victim's age, but precluded him from using that as a defense.

Moore also requested a jury instruction defining the word "willfully" from the lewdness statute. He requested that "willfully" be defined as requiring that he specifically intended to engage in a lewd act *with a person under 16 years of age*—not merely that he intended to engage in a lewd act. The district court responded that "willfully" refers only to the intent to commit the act itself and declined to give Moore's proffered instruction. Instead, it gave Jury Instruction 14, which listed four elements the jury had to find to sustain a lewdness conviction: (1) Moore committed a lewd or lascivious act (specifically fondling A.M.'s breasts and slapping her buttocks); (2) Moore intended to commit the lewd act; (3) A.M. was under 16 years old; and (4) Moore intended to arouse himself or A.M. in committing the lewd act.

The jury found Moore not guilty of the five sexual assault charges, but guilty of the two lewdness charges. The district court sentenced Moore to a minimum of two years and a maximum of eight years for each count, to run consecutively.

*DISCUSSION*

Moore argues that to be guilty of the crime of lewdness with a child under the age of 16, a person must know or should have known that the child is under the age of 16. He therefore argues that the district court improperly instructed the jury on the lewdness charge and abused its discretion when it refused to instruct the jury that a mistake of fact as to the child's age is a valid defense to the crime.[1] Although we generally review jury instructions for an abuse of discretion or judicial error, when the question is whether an instruction is an accurate statement of the law, our review is de novo. *Cortinas v. State*, 124 Nev. 1013, 1019, 195 P.3d 315, 319 (2008); *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Where, as here, this determination requires us to interpret a statute, we interpret clear and unambiguous statutory language by its plain meaning unless doing so would lead to an unreasonable or absurd result. *Newell v. State*, 131 Nev. 974, 977, 364 P.3d 602, 603-04 (2015).

NRS 201.230(1)(a) provides, in relevant part:

1. A person is guilty of lewdness with a child if he or she:

(a) Is 18 years of age or older and willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child . . . .

Lewdness with a child under the age of 16 is a specific-intent crime. *State v. Catanio*, 120 Nev. 1030, 1036, 102 P.3d 588, 592 (2004)

---

[1]To the extent that Moore challenges Jury Instruction 14 as a general-intent instruction, his argument lacks merit. The instruction expressly provided that lewdness with a child under the age of 16 is a specific-intent crime, as discussed more below.

 

(stating, "the Nevada statutory language providing that a lewd act be done 'upon or with' a child's body clearly requires specific intent by the perpetrator to encourage or compel a lewd act in order to gratify the accused's sexual desires"). "[W]here a specific intent is required to constitute the offense," a person who acts under "ignorance or mistake of fact, which disproves any criminal intent," is not liable for punishment. NRS 194.010(5). Both parties agree that lewdness with a child under the age of 16 is a specific-intent crime and therefore a defendant may raise a mistake-of-fact defense, but they disagree about which elements of the crime require specific intent.

Moore argues that *all* elements of the crime require specific intent. He therefore contends the State must prove that he had the specific intent to commit a lewd or lascivious act on a minor (i.e., that he knew or should have known that A.M. was under the age of 16). The State argues that the only element that requires specific intent is "the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child." NRS 201.230(1)(a). The State therefore responds that it did not have to prove that Moore knew or should have known that A.M. was under the age of 16 when he committed the lewd or lascivious act.

We agree with the State that the only portion of NRS 201.230(1)(a) that requires the State to prove specific intent is the portion of the statute that follows the word "intent"—i.e., the element that provides "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child." The portion of the statute that requires the child be under the age of 16 is not preceded by the word "intent."[2] Nor does the statute's plain language otherwise require the State

---

[2]We recognize that not all specific-intent crimes include the word "intent" in the statutory language. *Ford v. State*, 127 Nev. 608, 614, 262

to prove that the defendant knew or should have known that the child was under the age of 16.

And although the word "willfully" appears at the beginning of NRS 201.230(1)(a), we are not persuaded that this transforms every element of the crime into one requiring specific intent. On the contrary, we have held that "in the context of statutes aimed at the protection of infants, such as child abuse statutes, the term 'wil[l]fully' has been defined to refer to general intent: as an intent to do the act, rather than any intent to violate the law or injure another." *Jenkins v. State*, 110 Nev. 865, 870, 877 P.2d 1063, 1066 (1994) (concluding that a mistake-of-fact defense is not available for statutory sexual seduction); *see also State v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 23, 462 P.3d 671, 675 (2020) ("A defendant acts 'willfully' when the defendant acts deliberately, as opposed to accidently . . . ."). Thus, the word "willfully" in NRS 201.230(1)(a) requires only that the defendant commit the lewd act deliberately. We therefore conclude that NRS 201.230(1)(a)'s plain language, which is clear and unambiguous, does not entitle a defendant to a mistake-of-fact defense as to the victim's age.[3]

Our reading of this statute is in line with Nevada's long-standing policy of protecting minors from illicit activities—specifically sex crimes—which children often lack the ability to understand or defend against. *See, e.g.*, NRS 200.364(10) (defining statutory sexual seduction);

---

P.3d 1123, 1127 (2011) (holding that the crime of pandering is a specific-intent crime, even though the statute does not include a stated intent requirement). But when the Legislature expressly includes the word "intent" before just one element, we interpret this placement as deliberate.

[3]Moore focuses his argument on the 2015 amendments to this and other statutes relating to sexual crimes, but absent ambiguous language, we decline to look beyond the statute's plain meaning. *See Cabrera v. State*, 135 Nev. 492, 495, 454 P.3d 722, 724 (2019) ("[W]hen a statute is clear on its face, a court can not go beyond the statute in determining legislative intent." (internal quotation marks omitted)).

NRS 200.366 (increasing penalties for sexual assault on a child under the age of 16); NRS 200.727 (criminalizing the viewing of any visual presentation of a child under the age of 16 involved in a sexual act); NRS 200.730 (criminalizing the possession of a visual presentation of a child under the age of 16 involved in a sexual act); NRS 201.560 (luring a child under the age of 16); NRS 207.260 (unlawful contact with a child under the age of 16). Requiring the State to prove the defendant knew or should have known the child was under the age of 16, as Moore urges us to do, would be at odds with Nevada's policy of protecting children.

Moore does not refute this strong public policy in favor of protecting children. Instead, he argues that the district court erroneously relied on California law. In California, a good-faith mistaken belief as to the victim's age is not a defense to the crime of lewdness with a minor. *People v. Olsen*, 685 P.2d 52, 57 (Cal. 1984). We are not persuaded that the district court *relied* on California law, but to the extent that it did, it did not err. California's lewdness-with-a-minor statute is, for our purposes here, substantially similar to Nevada's, except it protects minors under the age of 14, whereas Nevada's protects minors under the age of 16.[4] *Compare* Cal.

---

[4]California's statute reads, in pertinent part:

> Except as provided in subdivision (i), a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

Cal. Penal Code § 288 (West Supp. 2020).



Penal Code § 288 (West Supp. 2020), *with* NRS 201.230(1)(a). Both California and Nevada have strong state policies in favor of protecting children from sex crimes. *See Olsen*, 685 P.2d at 57. Further, we have previously cited California's interpretation of its lewdness statute as persuasive authority. *Catanio*, 120 Nev. at 1036, 102 P.3d at 592 ("We agree with the California courts' interpretation of what must be proven to establish the elements of the crime of lewdness."). Thus, California law is persuasive, and the district court did not err in referencing it.[5]

Because NRS 201.230(1)(a) does not require the State to prove that Moore knew or should have known that A.M. was under the age of 16, Jury Instruction 14 was an accurate statement of the law. Accordingly, the district court did not err in instructing the jury regarding the crime of lewdness with a child under the age of 16, nor did it abuse its discretion in refusing to give Moore's requested jury instruction about the word "willfully."[6]

## CONCLUSION

A mistaken belief as to a child's age is not a defense to the crime of lewdness with a child under the age of 16. Thus, the district court did

---

[5]North Carolina and Michigan also preclude an individual charged with lewdness with a minor from asserting a mistake-of-fact defense as to the victim's age. *State v. Breathette*, 690 S.E.2d 1, 6 (N.C. Ct. App. 2010) (referencing North Carolina's policy of protecting children from sex crimes); *People v. Doyle*, 167 N.W.2d 907, 908 (Mich. Ct. App. 1969). Kentucky and Pennsylvania, on the other hand, permit a defendant to assert a mistake-of-fact defense as to the victim's age when the child is over 14 years old, but that defense is expressly permitted *by statute*. *See* Ky. Rev. Stat. Ann. § 510.030 (LexisNexis Supp. 2020); 18 Pa. Stat. & Cons. Stat. Ann. § 3102 (West 2015).

[6]Because we conclude there was no error, we need not address Moore's cumulative error argument.

not err in instructing the jury regarding this crime or abuse its discretion in denying Moore's requested jury instructions. Accordingly, we affirm the judgment of conviction.

_____, J.
Gibbons

We concur:

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A