129 Nev., Advance Opinion 63

## IN THE SUPREME COURT OF THE STATE OF NEVADA

VANGUARD PIPING SYSTEMS, INC.,
N/K/A VG PIPE, LLC; VIEGA, LLC;
INDUSTRIES, INC.; AND VIEGA, INC.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN JOHNSON, DISTRICT JUDGE,
Respondents,
and
AVENTINE-TRAMONTI
HOMEOWNERS ASSOCIATION, A
NEVADA NONPROFIT
CORPORATION,
Real Party in Interest.

No. 61747

FILED

SEP 19 2013



Original petition for a writ of mandamus or prohibition challenging a district court order compelling disclosure of insurance policies.

*Petition denied.*

Lincoln, Gustafson & Cercos and Nicholas B. Salerno, Las Vegas; Carroll, Burdick & McDonough, LLP, and Alexander P. Imberg, San Francisco, California,
for Petitioners.

Canepa Riedy & Rubino and Scott K. Canepa, Terry W. Riedy, and Bryan T. Abele, Las Vegas; Carraway & Associates and James D. Carraway, Las Vegas; Kemp, Jones & Coulthard, LLP, and J. Randall Jones, Las Vegas;

13-27847

Lynch, Hopper & Salzano, LLP, and Francis Lynch, II, Las Vegas;
Maddox, Isaacson & Cisnernos and Robert C. Maddox, Las Vegas,
for Real Party in Interest.

---

BEFORE THE COURT EN BANC.[1]

*OPINION*

By the Court, HARDESTY, J.:

NRCP 16.1(a)(1)(D) requires a party in litigation to produce for the opposing party any agreement where an insurance company may be required to pay all or part of any judgment entered in the action. Here, petitioners, defendants in the action below, disclosed certain insurance policies, which they contend are more than sufficient to satisfy any judgment that may be entered against them. Thus, they assert that disclosure of any other primary or any secondary insurance policies is unnecessary unless the previously disclosed policies are exhausted. The district court ordered the petitioners to produce all previously undisclosed policies, and this writ petition followed. In it, we are asked to determine whether NRCP 16.1(a)(1)(D) compels disclosure of all insurance agreements, regardless of whether the policy limits exceed the amount of potential liability or whether the policies provide secondary coverage. We conclude that it does because the plain language of NRCP 16.1(a)(1)(D) requires disclosure of *any* insurance agreement that may be liable to pay a portion of a judgment. Therefore, we deny the petition.

---

[1]The Honorable Ron D. Parraguirre, Justice, did not participate in the decision of this matter.

## FACTS

In the district court, real party in interest Aventine-Tramonti Homeowners Association filed construction defect actions against petitioners Vanguard Piping Systems, Inc.; Viega, LLC; Industries, Inc.; and Viega, Inc. (collectively, Vanguard), and Vanguard's German parent companies Viega GmbH and Viega International GmbH. In June 2012, this court entered a stay of the district court proceedings as to the German parent companies, which, to date, has not been lifted. The stay order did not stay or otherwise limit any pending proceedings against Vanguard.

During discovery in the present case, Vanguard disclosed some of its primary insurance agreements to Aventine-Tramonti, pursuant to NRCP 16.1(a)(1)(D). Aventine-Tramonti subsequently learned that additional undisclosed policies covering Vanguard may have been purchased by the German parent companies and sought the disclosure of any such agreements. The special master ordered Vanguard to disclose these agreements after it initially refused to do so.

Vanguard objected to the special master's order and sought relief from the district court on the grounds that producing the insurance agreements would violate the stay of proceedings against the German parent companies and that it had already complied with NRCP 16.1(a)(1)(D)'s requirements by disclosing its primary insurance agreements that were sufficient to cover any judgment against it. The district court affirmed the special master's order, finding that NRCP 16.1(a)(1)(D) requires disclosure of *any* insurance agreement that may be used to satisfy a judgment. This writ petition followed.

## DISCUSSION

Vanguard petitions this court for a writ of mandamus or prohibition.[2] "A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnote omitted); *see also* NRS 34.160. Because writ relief is an extraordinary remedy, this court "will exercise [its] discretion to consider such a petition only when there is no 'plain, speedy and adequate remedy in the ordinary course of law.'" *Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005) (quoting NRS 34.170; NRS 34.330). The right to an appeal is generally an adequate remedy in the ordinary course of law. *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). Thus, this court typically will not exercise its discretion to review a pretrial discovery order unless the order could result in irreparable prejudice, such as when the order is a blanket discovery order or an order requiring disclosure of privileged information. *Valley Health Sys. v. Eighth Judicial Dist. Court,* 127 Nev. ___, ___, 252 P.3d 676, 678-79 (2011).

Although Vanguard concedes that the insurance agreements at issue are not privileged, it argues that the production of those

---

[2]Even if petitioners' arguments were meritorious, a writ of prohibition would not be an appropriate remedy as petitioners have not alleged that the district court lacked jurisdiction to enter the order at issue. *See* NRS 34.320 (explaining that a writ of prohibition is available to arrest district court proceedings when the court acts without or in excess of its jurisdiction).

agreements would violate the stay entered by this court in regard to the German parent companies. The referenced stay temporarily halted the district court proceedings as to the German parent companies only. *See Viega GmbH v. Eighth Judicial Dist. Court (La Paloma Homeowners' Ass'n)*, Docket No. 60015 (Order Granting Motions for Stay, June 13, 2012). It did not stay production of documents relevant to the proceedings against Vanguard. Thus, even if the insurance policies were purchased by, and are in the possession of, the German parent companies, we reject the conclusion that disclosure of those agreements violates the stay of proceedings against the German parent companies. The question that remains is whether the order requiring Vanguard to produce the policies nevertheless would result in irreparable prejudice warranting writ relief.

Vanguard argues that it should not be required to disclose these agreements because Aventine-Tramonti's counsel seeks their disclosure for an improper purpose, *i.e.,* to use in other pending construction defect litigation against Vanguard. But there is nothing in the record indicating that these insurance agreements will later be used for an improper purpose, and there is no prohibition against the use of discovery in later, unrelated litigation provided that discovery is relevant to the current litigation. *See Dove v. Atl. Capital Corp.,* 963 F.2d 15, 19 (2d Cir. 1992) ("[W]here the discovery sought is relevant[,] . . . the mere fact that it may be used in other litigation does not mandate a protective order."); *Duling v. Gristede's Operating Corp.,* 266 F.R.D. 66, 75-76 (S.D.N.Y. 2010) (holding that "it is well established that the Federal Rules of Civil Procedure[] create no automatic prohibition against using discovery obtained in one litigation in another litigation"). Here, whether the special master's order requires disclosure of irrelevant information

depends upon whether NRCP 16.1(a)(1)(D) requires disclosure of additional insurance agreements when a party has already disclosed proof of insurance coverage in excess of the claimed damages. Thus, we exercise our discretion to consider this writ petition.

*NRCP 16.1(a)(1)(D) requires disclosure of the additional insurance agreements*

Nevada's Rules of Civil Procedure are subject to the same rules of interpretation as statutes. *Webb v. Clark Cnty. Sch. Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009). "Statutory interpretation is a question of law that we review de novo." *Consipio Holding, BV v. Carlberg*, 128 Nev. ___, ___, 282 P.3d 751, 756 (2012). If a statute is clear and unambiguous, we give effect to the plain meaning of the words, without resort to the rules of construction. *Id.*

> NRCP 16.1(a)(1)(D) states that the parties "must" disclose
>
> any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment and any disclaimer or limitation of coverage or reservation of rights under any such insurance agreement.

The plain language of NRCP 16.1(a)(1)(D) states that "*any* insurance agreement" which "may be liable to satisfy part or all of a judgment" be disclosed. (Emphasis added.) The rule does not mention agreements with policy limits sufficient to satisfy a judgment, nor does it distinguish between primary and secondary insurance policies. *See Consipio Holding*, 128 Nev. at ___, 282 P.3d at 756 (explaining that this court will give words their ordinary meaning when a statute is clear and unambiguous). In addition, NRCP 16.1(a)(1)(D) states that a party "must" disclose any

insurance agreement. The use of the word "must" means that the rule's requirements are mandatory. *See Washoe Cnty. v. Otto*, 128 Nev. ___, ___, 282 P.3d 719, 725 (2012). Therefore, we conclude that the plain language of NRCP 16.1(a)(1)(D) requires disclosure of any and all insurance agreements that may be liable to pay a portion of a judgment regardless of whether the party has already disclosed policies with limits that exceed that party's potential liability.[3]

Our interpretation is consistent with the interpretation that federal courts have given to FRCP 26(a)(1)(A)(iv), Nevada's federal counterpart, which requires parties to disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Because of the similarity in the language, federal cases interpreting FRCP 26(a)(1)(A)(iv) "are strong persuasive authority." *Exec. Mgmt. Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (internal quotations omitted).

Federal courts have broadly interpreted FRCP 26(a)(1)(A)(iv). For example, some federal courts have interpreted this rule as requiring disclosure of reinsurance agreements, which are even farther removed

---

[3]We decline to address Vanguard's argument that the district court should have used its discretion to limit the insurance information requests pursuant to NRCP 26(b)(2)(iii) as being unduly burdensome because Vanguard did not present any evidence to the district court, or to this court, demonstrating how disclosure of these policies would be burdensome.

from primary liability than a secondary insurance agreement.[4] *See U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007). These courts also maintain that the federal rule's language is mandatory. *See id.* (applying FRCP 26(a)(1)(D) (2007), the predecessor to FRCP 26(a)(1)(A)(iv), and stating that the language "is absolute . . . and does not require any showing of relevance"). Thus, federal courts reject efforts to limit disclosure of insurance agreements to only those agreements that a party deems to be relevant. *See In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 41 (D. Del. 1993) (discussing FRCP 26(b)(2) (1993), the predecessor to FRCP 26(a)(1)(A)(iv), and summarily rejecting arguments from certain defendants that additional insurance policies need not be disclosed because those defendants had sufficient personal assets to satisfy any judgment against them); *Sierrapine v. Refiner Prods. Mfg., Inc.*, 275 F.R.D. 604, 613 (E.D. Cal. 2011) (requiring a defendant to locate and disclose *all* insurance agreements that may be liable to pay a judgment despite the defendant's argument that it had already disclosed all of the insurance agreements it was "able to identify or locate, or [that it] had knowledge of").

We agree with the approach taken by the federal courts. Vanguard is involved in several other pending cases. Permitting it to determine which insurance agreements are relevant for disclosure overlooks the fact that it is impossible to foresee all possible circumstances in which the primary insurance policies will be subject to liability and potentially exhausted by other judgments. Further, NRCP 16.1(a)(1)(D)

---

[4]"Reinsurance is purchased by insurance companies to insure their liability under policies written to their insureds." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1199 (3d Cir. 1995).

requires that *more* information be disclosed than FRCP 26(a)(1)(A)(iv). Specifically, in addition to requiring disclosure of insurance agreements and indemnification or reimbursement agreements, as required by FRCP 26(a)(1)(A)(iv), NRCP 16.1(a)(1)(D) also requires disclosure of disclaimers and limitations of coverage. *See* NRCP 16.1 drafter's note (2004) (noting that NRCP 16.1(a)(1)(D) "expands on the federal rule"). Therefore, we conclude that NRCP 16.1(a)(1)(D) requires that *any* insurance agreement which may be liable to pay a portion of the judgment must be disclosed. Accordingly, we deny the writ petition.

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta