An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NATALIE M.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
WILLIAM O. VOY, DISTRICT JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 67537

**FILED**

SEP 0 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus or, in the alternative, prohibition challenging a juvenile court's discovery order. Petitioner asks this court for a writ of mandamus to order the district court to apply the Nevada Rules of Civil Procedure that are not in direct conflict with Title 5 (Juvenile Justice) to the pending juvenile delinquency matter or, alternatively, a writ of prohibition to preclude the district court from applying the deposition rules contained in Title 14 (Procedure in Criminal Cases) to the pending juvenile delinquency matter.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179

SUPREME COURT
OF
NEVADA

(O) 1947A

15-26862

P.3d 556, 558 (2008) (footnote omitted); *see also* NRS 34.160. A writ of prohibition is the "proper remedy to restrain a district judge from exercising a judicial function without or in excess of its jurisdiction." *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *see also* NRS 34.320. Either writ will issue only "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330. Generally, the right to appeal is an adequate remedy in the ordinary course of law that will preclude writ relief. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). "[T]his court typically will not exercise its discretion to review a pretrial discovery order unless the order could result in irreparable prejudice, such as when the order is a blanket discovery order or an order requiring disclosure of privileged information." *Vanguard Piping Sys., Inc. v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 63, 309 P.3d 1017, 1019 (2013).

Here, if petitioner is aggrieved by the final judgment in the pending juvenile delinquency matter, she may appeal that determination and challenge the pretrial discovery order. NRS 62D.500(1); NRAP 3A(b)(1); *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (explaining that interlocutory orders may be challenged in the context of an appeal from the final judgment). Therefore, we conclude that petitioner has a speedy and adequate legal remedy available and that our intervention is not warranted. *See Smith*, 107 Nev. at 677, 818 P.2d at 851 (holding that "the

Supreme Court
of
Nevada

(O) 1947A

2

issuance of a writ of mandamus or prohibition is purely discretionary with this court"). Accordingly, we

ORDER the petition DENIED.

_____ , J.
Saitta

_____ , J.
Gibbons

_____ , J.
Pickering

cc:     Hon. William O. Voy, District Judge, Family Court Division
        Aaron Grigsby
        Clark County District Attorney/Juvenile Division
        Eighth District Court Clerk