# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIA CAMPOS, AN INDIVIDUAL;
LESLIE MOON, AN INDIVIDUAL;
WAYNE MOON, AN INDIVIDUAL; AND
WILLIAM BRECK, AN INDIVIDUAL,
Appellants,
vs.
RAUL HERNANDEZ AND MARIANE
HERNANDEZ, AS HUSBAND AND
WIFE; RAMON GUERRERO AND
JUANA GUERRERO, AS HUSBAND
AND WIFE; TIMOTHY BURKE, AN
INDIVIDUAL; RUDY KANCYLAR AND
ELLA KANCYLAR, AS HUSBAND AND
WIFE; EFRAIN SANDOVAL AND
VANESSA SANDOVAL, AS HUSBAND
AND WIFE; FRANCISCO JACINTO-
LARA AND GLORIA SANCHEZ DE
JACINTO, AS HUSBAND AND WIFE;
DEMECIO JACINTO AND MARTINA
JACINTO, AS HUSBAND AND WIFE;
NORMA JACINTO ESTRADA, AN
INDIVIDUAL; SALVADOR
HERNANDEZ, AN INDIVIDUAL; RITA
MARTYNAITIENE, AN INDIVIDUAL;
VYTAUTAS MARTYNAITIS, AN
INDIVIDUAL; MARIA MADERA, AN
INDIVIDUAL; RODOLFO MENDOZA-
QUINTANA AND VERONICA
MENDOZA, AS HUSBAND AND WIFE;
MARCELO CARO AND MARTHA
CARO, AS HUSBAND AND WIFE;
JOAQUIN MENDOZA-RAMOS, AN
INDIVIDUAL; ESTELA TAVARES, AN
INDIVIDUAL; AND LAW OFFICES OF
BRYAN HUNT,
Respondents.

No. 69163

FILED

APR 2 6 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

17-13796

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from final judgments in a tort action. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant William Breck formed The Public Interest Law Firm, Inc. (TPI), which provided legal services to homeowners in Washoe County, Nevada. Breck, an attorney not licensed in Nevada, employed non-attorneys, including appellants Maria Campos, Leslie Moon, and Wayne Moon (collectively, appellants). Respondents Hernandez et al. sought mortgage modification and foreclosure relief from appellants at TPI. After TPI ceased operation, Breck moved to Mexico, and respondents filed two separate complaints against appellants for failing to provide the advertised relief. Respondents Raul and Mariane Hernandez, as husband and wife, filed the first complaint, and eleven other respondents filed the second complaint. Counsel for the Moons and Campos then filed an ex-parte motion to consolidate the two complaints, which the district court ultimately granted.

While the motion to consolidate was pending, Breck visited Nevada to participate in his formal disciplinary hearing with the State Bar, and was personally served the second complaint. Due to Breck's failure to respond to the second complaint, the district court clerk entered a default against him. Breck subsequently filed a motion to quash service of process, which the district court denied for being untimely.

While Breck's motion to consolidate was pending, respondents filed their first amended complaint, which added the Hernandezes from

 

the first complaint. Several months later, respondents filed their second amended complaint without service on Breck, which added additional respondents. Prior to trial, respondents served Breck with a notice of their intention to seek a default judgment.

This case proceeded to a jury trial, whereby the district court denied appellants' request to call Breck as a witness, and also refused jury instructions. Breck filed an objection to the court's order prohibiting him from testifying, which was denied. Ultimately, the jury found the Moons and Campos liable for fraud, deceptive trade practices, and breach of fiduciary duty. The district court entered a judgment on the jury verdicts against Campos and the Moons, as well as a default judgment against Breck. We dismissed appellants' first appeal of their judgments for a lack of jurisdiction due to unresolved counterclaims and a pending third-party complaint. However, the district court subsequently dismissed the counterclaims and third-party complaint.

On appeal, appellants argue that the district court erred by (1) excluding Breck as a witness, (2) refusing their jury instruction concerning exemption of non-profits under federal law, and (3) refusing their jury instruction concerning alter ego. In particular, Breck argues that the district court failed to bifurcate the trial. Conversely and as an initial contention, respondents assert that appellants failed to preserve the first issue for appeal for failure to make an offer of proof. We agree.

"Offers of proof are intended to (1) fully disclose to the court and opposing counsel the nature of evidence offered for admission, but rejected, and (2) preserve the record for appellate review." *Las Vegas Convention & Visitors Auth. v. Miller*, 124 Nev. 669, 688, 191 P.3d 1138, 1150-51 (2008). Offers of proof must be proper, requiring specificity and

definiteness. *Id.* at 688, 191 P.3d at 1151. Thus, "mere conjecture as to what the evidence might reveal does not suffice." *Id.*

Here, counsel for Campos and the Moons failed to make a full and complete disclosure of the content and evidence to be presented by Breck. Accordingly, the nature of Breck's testimony was unclear to the district court. Without definite details as to what Breck would have testified to, appellants failed to make a proper offer of proof to address whether the district court erred in excluding Breck as a witness.

As for appellants' contentions concerning the two refused jury instructions, this court generally cannot consider matters absent from the record on appeal, and appellants are responsible for providing an adequate record for review. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007); *see also* NRAP 30(b)(3). Therefore, "we will necessarily presume that the missing portion supports the district court's decision." *Cuzze* at 603, 172 P.3d at 135. Further, in order to preserve a challenge to a refused jury instruction, the objecting party "must 'distinctly' state the matter objected to and the grounds for the objection." *Cook v. Sunrise Hosp. & Med. Ctr., LLC*, 124 Nev. 997, 1001, 194 P.3d 1214, 1216 (2008). This requires "providing the district court with a citation to relevant legal authority in support of the objection." *Id.* at 1001-02, 194 P.3d at 1217.

Accordingly, we conclude that appellants failed to preserve their arguments on appeal concerning the two refused jury instructions because they did not provide the relevant portions of the record, and the portion they did provide is incomplete, leaving speculation as to the nature of appellants' objection they now assert. In particular, appellants only provided a portion of the trial transcript addressing the applicability and

possible exemption of the federal regulation. Further, any written objections to the jury instructions were not provided as part of the record on appeal. Finally, appellants' appendix is completely void of any discussion regarding their refused alter ego jury instruction. However, we note that this court reviews a district court's decision to admit or refuse jury instructions for an abuse of discretion. *D & D Tire v. Ouellette*, 131 Nev., Adv. Op. 47, 352 P.3d 32, 37 (2015). Here, the district court provided alternative jury instructions concerning the applicable issues appellant raises on appeal and thus, the court did not err.

With regard to Breck's argument that the district court failed to bifurcate the trial, Breck fails to provide any authority to support his argument on appeal and thus, we decline to consider it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims that are not cogently argued or supported by relevant authority). However, we note that the decision of whether to bifurcate a trial rests in the district court's sound discretion. *Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 621, 173 P.3d 707, 712 (2007).

Breck additionally argues that the default judgment entered against him is void because respondents failed to serve him the second amended complaint, which added the remaining six plaintiffs. Conversely, respondents argue that service of process was not required because the second amended complaint alleged the exact same six causes of actions as the original complaint.[1] We conclude that when a party is added to a

---

[1]We note that on appeal respondents only identify Breck's failure to object to service of process in the context of his motion to quash the original complaint.

complaint, it is a new claim requiring service of process. Therefore, as to Breck, we reverse and vacate the damages award concerning the six plaintiffs added in the second amended complaint.[2]

This court reviews interpretation of the Nevada Rules of Civil Procedure de novo. *Vanguard Piping v. Eighth Judicial Dist. Court*, 129 Nev. 602, 607, 309 P.3d 1017, 1020 (2013). "If a [rule] is clear and unambiguous, we give effect to the plain meaning of the words, without resort to the rules of construction." *Id.*

NRCP 5(a) eliminates the requirement for service on parties in default for failure to appear, "except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons . . . ." Thus, "[a] default judgment not supported by proper service of process is void and must be set aside." *Browning v. Dixon*, 114 Nev. 213, 218, 954 P.2d 741, 744 (1998). According to the plain language of the rule, the addition of the remaining parties amounted to additional claims for relief as to Breck only, which required that respondents serve Breck with the second amended complaint. Based on the foregoing, we

---

[2]After consideration of Breck's remaining arguments, we conclude that they lack merit, and therefore affirm on all other issues he raised on appeal.

(O) 1947A

ORDER the judgments of the district court AFFIRMED as to Campos and the Moons AND REVERSED as to Breck[3] AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Connie J. Steinheimer, District Judge
Maria Campos
Wayne M. Pressel
William Breck
Bryan C. Hunt
Doyle Law Office, PLLC
Washoe District Court Clerk

_____

[3]We note that costs and fees may need to be reexamined as to the parties in light of this order.