# IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC., A
NEVADA CORPORATION,
Appellant,
vs.
RED ROCK FINANCIAL SERVICES,
LLC; AND WILLOW CREEK
COMMUNITY ASSOCIATION,
Respondents.

No. 73360

FILED

OCT 2 9 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## *ORDER OF REVERSAL AND REMAND*

This is an appeal from district court orders dismissing a complaint in a tort action.[1]  Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant first argues on appeal that the district court erred in concluding that its claims are barred by claim preclusion because any claims it would have asserted against respondents in Case I as co-defendants were permissive cross-claims under NRCP 13(g), and thus, do not implicate claim preclusion.  *See* NRCP 13(g) (providing that "[a] pleading *may* state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein" (emphasis added)).  Respondents counter that, although cross-claims are permissive, this

---

[1]Appellant brought the underlying tort action against respondents after the district court, in a separate and earlier action for declaratory relief (Case I), granted summary judgment against appellant, concluding that appellant purchased property in a foreclosure sale subject to a lienholder's deed of trust.

18-42230

court's adoption of nonmutual claim preclusion permits even unasserted cross-claims to be barred in subsequent suits. We agree with appellant.

This court "rigorously review[s] a district court order granting an NRCP 12(b)(5) motion to dismiss, accepting all of the plaintiff's factual allegations as true and drawing every reasonable inference in the plaintiff's favor to determine whether the allegations are sufficient to state a claim for relief." *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014). "Whether claim preclusion is available is a question of law reviewed de novo." *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. 701, 705, 262 P.3d 1135, 1137 (2011).

Moreover, "Nevada's Rules of Civil Procedure are subject to the same rules of interpretation as statutes," which this court reviews de novo. *Vanguard Piping Sys., Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 602, 607, 309 P.3d 1017, 1020 (2013). "If a statute is clear and unambiguous, [this court will] give effect to the plain meaning of the words, without resort to the rules of construction." *Id.* Finally, "this court has recognized that federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules." *Foster v. Dingwall*, 126 Nev. 49, 54, 228 P.3d 453, 456 (2010) (internal quotation marks omitted).

In support of its argument, appellant relies on *Executive Management, Ltd. v. Ticor Title Insurance Co.*, 114 Nev. 823, 963 P.2d 465 (1998), where this court previously considered whether claim preclusion applies to cross-claims unasserted in a prior suit. In *Executive Management*, the district court granted the respondents' motion to dismiss the complaint on claim-preclusion grounds due to the appellant's failure to raise its claims in a prior suit against the respondents as co-defendants.

114 Nev. at 833, 963 P.2d at 472. This court reversed, concluding that "[a]ny claims [the appellant] might have had against the[] respondents during the pendency of [the prior suit] were permissive pursuant to the express language of NRCP 13(g)." *Id.* at 837-38, 963 P.2d at 475. NRCP 13(g) provides that "[a] pleading *may* state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein." (Emphasis added.) As such, this court explained that "[w]e will not allow the doctrine of claim preclusion to convert the permissive character of NRCP 13(g) into a compulsory mandate." *Executive Management,* 114 Nev. at 838, 963 P.2d at 475. However, this court concluded that issue preclusion was applicable to the extent that the underlying claims concerned identical issues that were actually and necessarily litigated in the prior suit. *Id.*

Respondents counter that this court's adoption of nonmutual claim preclusion in *Weddell v. Sharp,* 131 Nev. 233, 350 P.3d 80 (2015), overruled *Executive Management*'s holding to the extent that claim preclusion now applies to unasserted cross-claims.[2] We disagree.

This court in *Weddell* clarified that "the doctrine of nonmutual claim preclusion is designed to obtain finality and promote judicial economy in situations where the civil procedure rules governing . . . permissive cross-

---

[2]Appellant argues that respondents waived any nonmutual claim preclusion arguments on appeal because they did not specifically argue nonmutual claim preclusion or discuss Weddell below. See *Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52-53, 623 P.2d 981, 983-84 (1981). Neither the respondents' pleadings nor the district court's orders dismissing appellant's complaint mention nonmutual claim preclusion or Weddell. However, respondents generally raised the issue of claim preclusion below, and because nonmutual claim preclusion is a form of claim preclusion, we conclude respondents did not waive the argument on appeal.

claims *fall short.*" 131 Nev. at 240, 350 P.3d at 84 (emphasis added). In other words, *Weddell* merely recognized that even though a claim in a second suit may be permitted under the civil procedure rules, claim preclusion should nevertheless apply when it is clear that the claim is "no more than a last desperate effort by a plaintiff who is pursuing a thin claim against defendants who were omitted from the first action because they were less directly involved than the original defendants." *Id.* (quoting 18A Charles Alan Wright, et al., *Federal Practice and Procedure* § 4464.1 (2d ed. 2002)). Thus, consistent with *Executive Management, Weddell* did "not allow the doctrine of claim preclusion to convert the permissive character of NRCP 13(g) into a compulsory mandate." *Executive Management,* 114 Nev. at 838, 963 P.2d at 475.

We further conclude that nonmutual claim preclusion should not apply here, as appellant provided a "good reason" for not having asserted its claims against respondents in Case I. *See Weddell,* 131 Nev. at 241, 350 P.3d at 85 (explaining that nonmutual claim preclusion can apply when the plaintiff fails to provide a "good reason" for not having asserted claims against the defendant in a previous lawsuit). In particular, appellant and respondents shared a common interest in Case I in showing that respondents properly notified Bank of America of the foreclosure sale. *Cf. Boca Park Marketplace Syndications Grp., LLC v. Higco, Inc.,* 133 Nev., Adv. Op. 114, 407 P.3d 761, 763 (2017) ("Claim preclusion . . . is a policy-driven doctrine, designed to promote finality of judgments and judicial efficiency by requiring a party to bring all related claims against its *adversary* in a single suit, on penalty of forfeiture." (Emphasis added.)). Moreover, appellant's claims against respondents were contingent on its counterclaim against Bank of America being unsuccessful, in that if the

district court had concluded Bank of America's deed of trust was extinguished by the foreclosure sale, appellant's claims against respondents would have been rendered moot. Thus, requiring appellant to assert its claims against respondents in Case I would run counter the purpose of claim preclusion. *See Alcantara*, 130 Nev. at 257, 321 P.3d at 915 (providing that claim preclusion "is designed to preserve scarce judicial resources and to prevent vexation and undue expense to parties"). Accordingly, because appellant had a "good reason" not to assert cross-claims against respondents in Case I, we conclude that its claims are not barred by nonmutual claim preclusion. *Weddell*, 131 Nev. at 241, 350 P.3d at 85. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Michelle Leavitt, District Judge
Stephen E. Haberfeld, Settlement Judge
Morris Law Center
Koch & Scow, LLC
Boyack Orme & Anthony
Eighth District Court Clerk