IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDDY ARTEAGA,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 76390

FILED

FEB 2 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying Freddy Arteaga's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Relying on NRS 209.4465(7)(b), Arteaga asserted that the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole. The district court disagreed, concluding that Arteaga had been convicted of a category B felony (burglary in violation of NRS 205.060) that was committed after the effective date of the 2007 amendments to NRS 209.4465 and therefore NRS 209.4465(8)(d) precludes respondent from applying Arteaga's statutory credits to the minimum term of his sentence. Arteaga argues that the district court erred in denying the petition for two reasons, neither of which warrant relief.

---

[1]Having considered the pro se brief filed by Arteaga, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. See NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-07841

First, Arteaga asserts that NRS 209.4465 has contradictory and ambiguous provisions such that the statute should be interpreted in his favor, allowing his statutory credits to be applied to the minimum term of his sentence. We disagree. Subsections 1-5 of the statute set forth the credits that may be earned, whereas subsections 7-9 describe how those credits are to be applied to an offender's sentence. Of relevance here, NRS 209.4465(7)(b) sets forth a general rule, with a limitation, as to when the credits earned under subsections 1-5 may be applied to the minimum term of an offender's sentence. *Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1262 (2017). For offenders like Arteaga who are incarcerated for an offense committed after June 30, 2007, subsection 8 puts further limitations on the general rule set forth in subsection 7(b). *See id.* at 1264 n.6 (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments). These provisions thus are not contradictory—one sets forth a general rule and the other sets forth exceptions to that rule. Nor are they ambiguous. *See Coleman v. State*, 134 Nev., Adv. Op. 28, 416 P.3d 238, 240 (2018) (observing that a statute is ambiguous if it is susceptible to two or more reasonable interpretations). And because Arteaga was convicted of a category B felony, the district court did not err in applying NRS 209.4465(8)(d).

Second, Arteaga argues that the 2007 amendments to NRS 209.4465, which added the exceptions to subsection 7(b) that are currently codified in subsection 8, violate the Equal Protection Clause of the Fourteenth Amendment. In particular, he complains that if the offender in *Williams*, who killed six people while driving under the influence, gets to have her credits applied to the minimum term of her sentence, then it is

only fair that he does as well since his offense is not as serious. Because Arteaga did not raise this argument below, we need not consider it. And in any event, we are not convinced that it has merit for the same reasons recently expressed by the Nevada Court of Appeals in *Vickers v. Dzurenda*, 134 Nev., Adv. Op. 91 at 3-8 (Ct. App. 2018).

Having considered Arteaga's arguments and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:     Hon. Linda Marie Bell, Chief Judge
        Freddy Arteaga
        Attorney General/Las Vegas
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A