# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAMES R. LAFRIEDA; AND ELLEN A. LAFRIEDA, Appellants, vs. NANCY A. GILBERT, AN INDIVIDUAL, Respondent. | No. 73888 |
| JAMES R. LAFRIEDA; AND ELLEN A. LAFRIEDA, Appellants, vs. NANCY A. GILBERT, AN INDIVIDUAL, Respondent. | No. 74565 |
| JAMES R. LAFRIEDA; AND ELLEN A. LAFRIEDA, Appellants, vs. NANCY A. GILBERT, AN INDIVIDUAL, Respondent. | No. 74942 |

FILED

FEB 26 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a final judgment and post-judgment orders awarding attorney fees and costs in a legal malpractice action. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

The LaFriedas filed a construction defect complaint against Building Concepts, Inc. (BCI), as well as several other entities responsible for the design and construction of their home. The LaFriedas then hired respondent, attorney Nancy Gilbert, to pursue their construction defect claims. Gilbert filed a second amended complaint, adding Summit

19-08688

Engineering Corporation (Summit) as a defendant. The claim against Summit was later dismissed for failure to attach a certificate of merit to the complaint as required by NRS 40.6884.

After the attorney-client relationship between the LaFriedas and Gilbert began to deteriorate, Gilbert moved to withdraw. When contacted by attorney Kent Robison regarding her motion to withdraw, Gilbert stated in a letter that the LaFriedas' experts found no liability against the design professionals. Robison opposed the motion to withdraw and attached Gilbert's letter as an exhibit. Based on Gilbert's letter, BCI sought summary judgment. The LaFriedas opposed the motion and submitted an expert affidavit contradicting Gilbert's letter. The district court denied BCI's motion for summary judgment, concluding that a genuine issue of material fact existed regarding BCI's liability. BCI and the LaFriedas subsequently settled.

Believing that they could have received a higher settlement had it not been for Gilbert's letter, the LaFriedas sued Gilbert for legal malpractice in sending the letter to Robison. The LaFriedas also alleged that Gilbert committed malpractice by not obtaining a certificate of merit for their claim against Summit. The LaFriedas requested an award of general and punitive damages. The case proceeded to trial. After the LaFriedas presented their case-in-chief, Gilbert moved for judgment as a matter of law under NRCP 50(a). In her motion, Gilbert argued that the LaFriedas failed to present evidence establishing the required state of mind, malice, for a punitive damages award. In addition, Gilbert argued that the LaFriedas failed to present evidence that, but for her letter, BCI would have agreed upon a higher settlement amount, and that the LaFriedas failed to produce required expert testimony for the legal

malpractice claim involving Summit. The district court granted Gilbert's motion as it pertained to punitive damages but denied Gilbert's latter two requests regarding BCI and Summit.

The parties presented additional evidence, and the case was submitted to the jury. The jury returned a verdict in favor of the LaFriedas on the claim involving BCI but found that Gilbert did not breach the standard of care on the claim involving Summit. Gilbert renewed her motion for judgment as a matter of law, once again arguing that the LaFriedas failed to present evidence proving that Gilbert's letter caused a lower settlement amount. The district court agreed with Gilbert and granted her motion. Thereafter, pursuant to NRCP 68, Gilbert filed a motion requesting costs and attorney fees because the LaFriedas rejected her $100,000 offer of judgment, which the district court granted. We affirm the district court's grant of Gilbert's NRCP 50(b) motion and the award of costs and attorney fees.

*Gilbert preserved her right to renew her motion for judgment as a matter of law*

The LaFriedas contend that Gilbert waived her right to seek judgment as a matter of law because she did not file her initial motion for judgment as a matter of law at the close of all the evidence in the case. Gilbert argues that her motion for judgment as a matter of law made at the close of the LaFriedas' case-in-chief preserved her right to renew her motion post-trial. We agree with Gilbert.

De novo review applies to questions of law, including the proper interpretation of a statute or court rule. *Vanguard Piping Sys., Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 602, 607, 309 P.3d 1017, 1020 (2013). This court will not go beyond the plain meaning of a rule whose text is unambiguous. *Nev. Dep't of Corrs. v. York Claims Servs., Inc.*, 131 Nev. 199,

203, 348 P.3d 1010, 1013 (2015). But if the rule's text is ambiguous, meaning the rule is capable of more than one reasonable interpretation, the plain meaning principles do not apply. *Id.* at 203-04, 348 P.3d at 1013. Instead, this court will look to extrinsic aids such as legislative history to disambiguate the rule. *Coleman v. State*, 134 Nev., Adv. Op. 28, 416 P.3d 238, 240 (2018). This court will refer to the rule's language, the specific context that the language is used, and the broader context of the rule as a whole to determine whether the rule is plain or ambiguous. *Nev. Dep't of Corrs.*, 131 Nev. at 204, 348 P.3d at 1013.

NRCP 50(a)(2) provides that "[m]otions for judgment as a matter of law may be made at the close of the evidence offered by the nonmoving party *or* at the close of the case." (Emphasis added.) NRCP 50(b), in part, provides:

> If, for any reason, the court does not grant a motion for judgment as a matter of law *made at the close of all the evidence,* the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may *renew* its request for judgment as a matter of law . . . .

(Emphases added.) On one hand, it is reasonable to read NRCP 50(b) to allow a party to renew his or her motion only if the district court does not grant a motion for judgment as a matter of law made *at the close of the evidence.* This is, after all, what NRCP 50(b) says. On the other hand, when NRCP 50 is read as a whole, it is also reasonable to interpret NRCP 50 as allowing a renewed motion under NRCP 50(b) to follow a motion made either at the close of the plaintiff's case or at the close of the evidence under NRCP 50(a)(2). We therefore conclude that NRCP 50 is ambiguous.

NRCP 50's ambiguity is quickly resolved upon an examination of its legislative history. The Drafter's Note to the 2004 amendment of

NRCP 50 unequivocally states that "a 'renewed' motion filed under [NRCP 50(b)] must have been preceded by a motion filed at the time permitted by [NRCP 50(a)(2)]." In this case, Gilbert moved for judgment as a matter of law at the close of the evidence offered by the LaFriedas pursuant to NRCP 50(a). Thus, Gilbert preserved her right to renew her motion for judgment as a matter of law under NRCP 50(b).[1]

*The district court did not err in granting Gilbert's NRCP 50(b) motion*

The LaFriedas argue that the district court erred in concluding that they did not show sufficient evidence that Gilbert was the proximate cause of their damages. We disagree.[2]

To establish a legal malpractice claim, the plaintiff must demonstrate duty, breach, and resulting damages. *Day v. Zubel*, 112 Nev. 972, 976, 922 P.2d 536, 538 (1996). The law requires the plaintiff to show that "but for" the negligence of the attorney, a better result would have been achieved in the underlying action. *Orrick Herrington & Sutcliffe LLP v. Superior Court*, 132 Cal. Rptr.2d 658, 661 (Ct. App. 2003) (referred to as the "better result" standard). The purpose of the "better result" standard "is to avoid damages based on pure speculation and conjecture." *Id.* A legal

---

[1]Gilbert's NRCP 50(a) and NRCP 50(b) motions presented the same argument, which was that the LaFriedas failed to present evidence showing that BCI would have agreed upon a higher settlement amount had it not been for Gilbert's letter. Thus, we reject the LaFriedas' contrary contention.

[2]We need not address the LaFriedas' argument that the district court should have ruled as a matter of law that Gilbert breached her standard of care when she failed to obtain a certificate of merit against Summit, as the LaFriedas failed to raise this argument before the district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

malpractice claim requires more, in other words, than a claim that an attorney made an inconsequential mistake. *Id.* at 662.

Here, the LaFriedas failed to present evidence that BCI would have agreed to a higher settlement amount had it not been for Gilbert's letter. Rather, the LaFridas' evidence shows that their decision to settle was theirs and theirs alone, made with the assistance of new counsel. Although Gilbert may have erred by publishing the letter, concluding that Gilbert's letter prevented the LaFriedas from obtaining a higher settlement amount with BCI would lead to damages based on speculation and conjecture. We therefore conclude that the district court did not err by granting Gilbert's motion for judgment as a matter of law under NRCP 50(b).[3]

*The district court did not abuse its discretion by awarding Gilbert attorney fees*

The LaFriedas argue that the district court abused its discretion in awarding Gilbert attorney fees and that the award constituted an impermissible penalty. We disagree.

This court will not disturb a district court's award of attorney fees "absent a manifest abuse of discretion." *Frantz v. Johnson*, 116 Nev. 455, 471, 999 P.2d 351, 361 (2000). A manifest abuse of discretion occurs

---

[3]We also disagree with the LaFriedas' contention that the district court erred by refusing to allow them to present the issue of punitive damages to the jury. *See Smith's Food & Drug Cts., Inc. v. Bellegarde*, 114 Nev. 602, 606, 958 P.2d 1208, 1211 (1998) *overruled on other grounds by Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 730, 192 P.3d 243, 246 (2008) ("The [district] court is responsible to determine, as a matter of law, whether the plaintiff has offered substantial evidence of malice, in fact, to support a punitive damage instruction."). The record is devoid of any evidence showing that Gilbert acted with malicious intent.

when the district court's decision is arbitrary or capricious. *Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 251, 955 P.2d 661, 672 (1998).

NRCP 68(f) authorizes an award of attorney fees to a party making an offer of judgment if the offeree rejects an offer and fails to obtain a more favorable judgment. "[W]hile the purpose of NRCP 68 is to encourage settlement, it is not to force plaintiffs unfairly to forego legitimate claims." *Beattie v. Thomas*, 99 Nev. 579, 588, 668 P.3d 268, 274 (1983). Thus, before awarding attorney fees, the district court must evaluate:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its time and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Beattie*, 99 Nev. at 588-89, 668 P.3d at 274. "None of these factors are outcome determinative, however, and thus, each should [b]e given appropriate consideration." *Frazier v. Drake*, 131 Nev. 632, 642, 357 P.3d 365, 372 (Ct. App. 2015) (citing *Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 252 n.16, 955 P.2d 661, 673 n.16 (1998)).

Here, the district court made explicit findings and concluded that a limited award of attorney fees was warranted after carefully considering and balancing the *Beattie* factors. Although the district court found that the LaFriedas' claims were brought in good faith, and that the LaFriedas' decision to reject the offer of judgment and proceed to trial was not grossly unreasonable or in bad faith, the district court awarded Gilbert a limited amount of attorney fees because Gilbert's offer of judgment was reasonable in both timing and amount. In addition, the district court found

that Gilbert's attorney fees were necessary and reasonably incurred given the complexity and time the case took. Upon review of the record, this court has found no abuse of discretion in the district court's award of attorney fees to Gilbert. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C. J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. David A. Hardy, District Judge
Paul F. Hamilton, Settlement Judge
Brownstein Hyatt Farber Schreck, LLP/Reno
Lemons, Grundy & Eisenberg
Washoe District Court Clerk

_____

[4]The Honorable Justices Abbi Silver and Elissa F. Cadish did not participate in the decision of this matter.